**WO**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| United States of America,<br>Plaintiff/Respondent<br>-vs-<br>**Fidelino Librado Guzman-Herrera,**<br>Defendant/Movant | CR-07-0316-PHX-MHM<br>CV-07-2208-PHX-MHM (JRI)<br><br>**ORDER** |
|---|---|

Movant filed an original Motion to Vacate pursuant to 28 U.S.C. § 2255 on November 13, 2007 (#17) and an Amended Motion to Vacate on December 18, 2007 (#20). In the Notice of Assignment (#18) entered and mailed to Movant on November 16, 2007, Movant was warned he must file a Notice of Change of Address if his address changes and that failure to comply would result in his case being dismissed. In addition, in the screening Order entered November 30, 2007 (#19), Movant was advised that failure to file a notice of change of address could result in dismissal. It is assumed this Notice and Order were received by Movant as neither was returned as undeliverable. However, the Court's service Order filed February 20, 2008 (#21) was returned as undeliverable with the notation that Movant was released from custody (#22).

Movant has not filed a change of address. Accordingly, on April 8, 2008, the Court gave Movant ten days to either file a notice of change of address or show cause why the action should not be dismissed for failure to prosecute. The Court further directed that the Clerk forward copies of the Order to Movant at his address of record, as well as to an address at the United States Prison in Lompoc, California, where the Bureau of Prisons' website reported Movant to be incarcerated. Movant failed to respond, and the copy forwarded to his address of record has been returned (#26).

Movant has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.,* 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a party who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply

1  with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to
2  locate Movant. "A party, not the district court, bears the burden of keeping the court apprised of any
3  changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Movant's
4  failure to keep the Court informed of his new address constitutes failure to prosecute.

5  Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to
6  prosecute or to comply with these rules or a court order, a defendant may move to dismiss the
7  action." *In Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court
8  recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure
9  to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure
10 appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may
11 dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

12 In determining whether Movant's failure to prosecute warrants dismissal of the case, the
13 Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of
14 litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)
15 the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic
16 sanctions." *Carey*, 856 F.2d at 1440 (*quoting Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.
17 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the
18 fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and
19 availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

20 Here, the first, second, and third factors favor dismissal of this case. Movant's failure to
21 keep the Court informed of his address prevents the case from proceeding in the foreseeable future.
22 The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to
23 consider whether a less drastic alternative is available. Without Movant's current address, however,
24 certain alternatives are bound to be futile. Here, as in *Carey*, "[a]n order to show cause why
25 dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip
26 tour through the United States mail." 856 F.2d at 1441.

27 The Court finds that only one less drastic sanction is realistically available. Rule 41(b)
28 provides that a dismissal for failure to prosecute operates as an adjudication upon the merits

1  "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Motion will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure the Movant's Amended Motion to Vacate, filed December 18, 2007 (#20) is **DISMISSED WITHOUT PREJUDICE** and the Clerk of the Court shall enter judgment accordingly.

DATED this 7th day of May, 2008.

Mary H. Murguia
United States District Judge